IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID M. STREBECK | * |
| | * |
| v. | *  Civil No. JFM-05-2580 |
| | * |
| BALTIMORE COUNTY POLICE | * |
| DEPARTMENT | * |

***** 

## MEMORANDUM

Plaintiff has brought this action against the "Baltimore County Police Department," James T. Smith, Jr., the Baltimore County Executive, and the Baltimore County Council.[1] He alleges that he was seriously injured by other detainees while being held in the holding cell at the Maryland District Court at Kelso Drive. He further alleges that unnamed County police officers intentionally permitted, or at least were deliberately indifferent in preventing, the beating to occur and intentionally, or with deliberate indifference, failed to attend to plaintiff's medical needs after the beating.

Defendants have filed a motion to dismiss. The motion will be granted. Neither the Baltimore County Police Department nor the Baltimore County Council are *sui juris*. The Police Department is simply an agency of Baltimore County, and the County Council is its legislative branch of government.

If that were the sole defect in plaintiff's claims, I would substitute the proper defendant, Baltimore County, for the Police Department and the County Council. However, plaintiff's claims fail for substantive reasons. As to his state law claims, the County has governmental

---

[1] Plaintiff originally filed the action in the Circuit Court for Baltimore City, and defendants removed it to this court based upon plaintiff's assertion of a federal claim under 42 U.S.C. § 1983.

immunity because "[t]he operation of a police department is a governmental function." *Williams v. Prince George's County*, 157 F. Supp. 2d 596, 604 (D. Md. 2001) (quoting *Hector v. Weglein*, 558 F. Supp. 194, 206 (1982)).  Although plaintiff seeks to hold the County liable under the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. Art. Sec. 5-301 et seq., he misreads the Act.  It does not impose direct liability upon a local government but merely provides that "a local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government."  Section 5-303(b)(1).  Here, no County employees are named as defendants.

Likewise, plaintiff has made no allegations that would render the County liable under 42 U.S.C. § 1983.  "The doctrine of respondeat superior does not apply in actions under . . . [that section]." *Pearson v. Simms*, 345 F. Supp. 2d 515, 520 (D. Md. 2003).  Rather, an official or supervisor can be liable under § 1983 only if he or she has, with knowledge or deliberate indifference, permitted an unconstitutional policy, custom, or practice to prevail. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 691 (1978).  However unfortunate the incident giving rise to plaintiff's injuries was, plaintiff has made no allegations meeting the *Monell* requirements.[2]

A separate order effecting the rulings made in this memorandum is being entered herewith.

---

[2] It is perhaps worthy of note that during the three years after the incident, plaintiff made no effort to ascertain the identity of the unnamed officers by making a request under the Maryland Public Information Act, Md. Code Ann., State Gov't §§ 16-611 et seq.

Date: <u>October 17, 2005</u>            <u>/s/                                    </u>
J. Frederick Motz
United States District Judge